UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARVIN GAYLE,<br><br>    Plaintiff,<br><br>v.<br><br>ARAC ROOF IT FORWARD, LLC,<br><br>    Defendant. | Case No. 3:23-cv-00284<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:  The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

This breach of contract action arises out of work that Defendant ARAC Roof It Forward, LLC (ARAC), performed on pro se Plaintiff Marvin Gayle's residential property in Kennesaw, Georgia. (Doc. No. 8.) Several motions are pending and ripe for decision. ARAC filed a motion to dismiss Gayle's second amended complaint under the doctrine of forum non conveniens (Doc. No. 13) and a motion to dismiss or transfer this action under 28 U.S.C. § 1406(a) (Doc. No. 20). Gayle responded in opposition to both motions (Doc. Nos. 16, 22), and ARAC filed a reply in support of its first motion to dismiss (Doc. No. 19). Gayle filed a motion to strike ARAC's answer to his second amended complaint (Doc. No. 23), a motion for judgment on the pleadings (Doc. No. 30), and a motion asking the Court to order ARAC to preserve certain documents and to allow the parties to engage in limited discovery (Doc. No. 42). ARAC responded in opposition to these motions (Doc. Nos. 27, 34, 43), and Gayle filed replies (Doc. Nos. 28, 35, 44).

For the reasons that follow, the Magistrate Judge will recommend that the Court find moot ARAC's motion to dismiss under the doctrine of forum non conveniens, grant in part ARAC's

motion to dismiss or transfer under 28 U.S.C § 1406(a), and transfer this action to the U.S. District Court for the Northern District of Georgia for further proceedings.

I.      **Background**

   A.      **Factual Background**

Gayle resides in Florida and alleges that ARAC's primary place of business is in Georgia. (Doc. No. 8.) Gayle states that, in 2017, he "commissioned" ARAC to replace the gutters on his Georgia home.[1] (*Id.* at PageID# 64, ¶ 1.) He "had previously contracted [with ARAC] to change the roof[ ] of the same building in question—just 3 months before the gutter job in question[,]" and he "found significant workmanship problems with the roof job." (*Id.* at PageID# 67, ¶ 25.) Gayle states that ARAC "attempted to remedy the roof situation by offering [him] discounted pricing for future gutter work, which [Gayle] took advantage of on July 7, 2017." (*Id.* at ¶ 26.)

Gayle alleges that there were problems with ARAC's gutter work, too. He states that, when ARAC "ripped [out] the old gutters[,]" it created "two gaping holes . . . in the building's stucco siding[,]" and ARAC "did not re-patch the stucco" or notify Gayle about the holes. (*Id.* at PageID# 64–65, ¶¶ 2, 5.) Instead, ARAC hid the holes by installing the new gutters in a way that obscured the holes so that they could only be seen from the roof. (Doc. No. 8.) Gayle states that ARAC intentionally hid the holes from view because it was "focused on keeping [its] operating costs to a minimum[,]" did not "want to have to deal with the problem of patching the stucco[,]"

---

[1] Gayle's second amended complaint states that his home's "address and detailed descriptions are reflected on/in existing contract documents and communications between plaintiff and defendant (as will be revealed via discovery)." (Doc. No. 8, PageID# 64, ¶ 1.) Gayle attached a redacted document titled "Gutter Replacement Proposal And Warranty and Credits" showing that the gutter replacement work was to be performed in "Kennesaw, GA 30144[.]" (*Id.* at PageID# 83.)

and "was concerned that [Gayle] would insist that [it] fix the holes in the siding before [making] any final payments." (*Id.* at PageID# 67–68, ¶¶ 19, 29.)

Gayle further states that he did not discover the holes until 2022, when he began noticing signs of water damage elsewhere in the house and investigated the source of the problem. (Doc. No. 8.) Gayle alleges that the resulting water damage "caused [him] financial losses and damages in excess of $115,000[.00] because" it affected "the [ ] building's structure." (*Id.* at PageID# 66, ¶ 13.) Gayle states that he "tr[ied] to convince [ARAC] to take responsibility" for the water damage, "but [he] failed in such efforts." (*Id.* at PageID#65, ¶ 5.)

**B.     Procedural History**

Gayle initiated this action on March 28, 2023, by filing a pro se complaint against ARAC. (Doc. Nos. 1, 1-2.) Gayle subsequently filed an amended complaint (Doc. No. 6) and a second amended complaint (Doc. No. 8). The second amended complaint, which is the operative pleading, invokes the Court's diversity jurisdiction and asserts claims against ARAC for breach of contract, injury to person and personal property, negligence, intentional misrepresentation, fraudulent concealment, negligent misrepresentation, strict liability, breach of warranty, and violations of Tennessee's consumer protection laws. (Doc. No. 8.) Gayle seeks monetary damages, costs, and "[a]ny and all injunctive relief that the court sees fit[.]" (*Id.* at PageID# 74, ¶ 5.)

ARAC initially moved to dismiss Gayle's second amended complaint under the doctrine of forum non conveniens. (Doc. No. 13.) ARAC argued that the Court should dismiss this action because the parties' written contract for the roofing work—a copy of which ARAC attached to its motion—includes a mandatory forum selection clause designating "the State or Superior Court of Cobb County, Georgia" as "the exclusive jurisdiction" for litigating any dispute arising out of the contract. (Doc. No. 13-1, PageID# 108.) It further argued that this action has "zero connection to

Tennessee other than the fact ARAC is registered within the State as a foreign limited liability company." (Doc. No. 13, PageID# 96–97.)

Gayle responded that the parties had a second oral and written contract for the gutter replacement that "was separate and independent from the roofing contract" and did not include a forum selection clause. (Doc. No. 16, PageID# 113.) Gayle supported that assertion with a sworn declaration (Doc. No. 16-1) and stated that his claims in this action relate only to the gutter contract.[2]

In its reply brief, ARAC changed course, arguing that, if Gayle's assertions were taken as true and dismissal for forum non conveniens was therefore improper, "the case should still be dismissed or transferred pursuant to 28 U.S.C. § 1406(a) for improper venue." (Doc. No. 19, PageID# 134.) ARAC notified the Court that it was contemporaneously filing a motion to dismiss or transfer this case to the Northern District of Georgia under 28 U.S.C. § 1406(a). (Doc. No. 19.)

Having apparently abandoned its forum non conveniens arguments, ARAC argued in its second motion to dismiss that the Court should dismiss or transfer this action to the U.S. District Court for the Northern District of Georgia under § 1406(a) because "[t]here is no evidence, fact, document, witness, party, person, or thing tying this case to the State of Tennessee" and venue is not proper in this district. (Doc. No. 20, PageID# 137.) Gayle responded that ARAC waived any argument that venue is improper by failing to raise that issue in its first motion to dismiss. (Doc. No. 22.) ARAC did not file an optional reply in support of its second motion.

A few days after filing its motion to dismiss or transfer venue, ARAC filed an answer to Gayle's second amended complaint asserting several affirmative defenses, including that

---

[2]   Gayle filed a motion for leave to file a corrected version of his declaration (Doc. No. 39), which the Court granted as unopposed (Doc. No. 40).

jurisdiction and venue in this Court are improper. (Doc. No. 21.) Gayle has filed a motion to strike ARAC's answer and affirmative defenses under Federal Rule of Civil Procedure 12(f) (Doc. No. 23), to which ARAC filed a response in opposition (Doc. No. 27), and Gayle filed a reply (Doc. No. 28).

Gayle has also filed a motion for judgment on the pleadings (Doc. No. 30) and a motion requesting a Court order regarding preservation of evidence and limited discovery (Doc. No. 42), to which ARAC has responded in opposition (Doc. Nos. 34, 43), and Gayle filed replies (Doc. Nos. 35, 44).

**II.     Analysis**

  **A.     ARAC's Motions to Dismiss or Transfer**

   **1.     Motion to Dismiss Under Doctrine of Forum Non Conveniens**

The Supreme Court has explained that:

> A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (alterations in original) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994)). Section 1404(a) of the federal statutes addressing venue changes in federal courts provides that:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

Although ARAC styles its first motion to dismiss "pursuant to the doctrine of *forum non conveniens* under § 1404(a)[,]" (Doc. No. 13, PageID# 96), the Supreme Court has held that

"[s]ection 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system[.]" *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). "For the remaining set of cases calling for a nonfederal forum," including cases in which "a forum-selection clause point[s] to a state or foreign forum[,]" "§ 1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in federal courts.'" *Id.* at 60–61 (quoting *Sinochem Int'l Co.*, 549 U.S. at 430). Put another way:

> If venue is proper, but another proper federal district court would be a more convenient forum, the court may order that the case be transferred to that court under 28 U.S.C.A. § 1404(a). If the superior alternative forum is in a different judicial system—typically, the court of another country—there is no mechanism by which the case may be transferred. Instead, the court may dismiss (or stay) the case under the ancient doctrine of forum non conveniens.

14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3828 (4th ed. supp. July 2023).

Because ARAC argued in its first motion that the Cobb County, Georgia, courts—and not a different federal district court—were the superior forum, 28 U.S.C. § 1404(a) does not apply. This distinction is academic, however, because ARAC has abandoned its argument that the forum selection clause in the parties' roofing contract applies to Gayle's claims in this action. (Doc. No. 19.) The Court should find that ARAC's first motion to dismiss is moot on that basis.

    2.    **Motion to Dismiss or Transfer Under § 1406(a)**

Section 1406(a) provides that:

> [t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

6

Case 3:23-cv-00284   Document 45   Filed 11/14/23   Page 6 of 12 PageID #: 323

28 U.S.C. § 1406(a). Courts look to 28 U.S.C. § 1391 to determine whether venue in a particular district is proper in general civil actions. Section 1391(b) provides that "[a] civil action may be brought in":

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3).

ARAC argues that venue in this district is improper under § 1391 because it does not reside here, there are insufficient grounds for the Court to exercise personal jurisdiction over it in this case, and none of the events or omissions giving rise to Gayle's claims took place in Tennessee. (Doc. No. 20.) ARAC therefore asks the Court to dismiss the case or, in the alternative, to transfer it to the Northern District of Georgia where ARAC argues venue would be proper under § 1391. (*Id.*)

Gayle's primary argument in opposition is that ARAC waived its venue objections by failing to raise them in its first motion to dismiss. (Doc. No. 22.) Gayle argues that ARAC knew or should have known "that its assertions as to [the] forum selection clause were legally untenable" when it filed its first motion to dismiss and that ARAC could and should have raised any improper venue arguments under § 1406 in its first motion. (*Id.* at PageID# 154.) He further argues that, under Federal Rule of Civil Procedure 12(g)(2) and (h)(1)(A), "[a] party waives any defense listed in Rule 12(b)(2)–(5) by" "omitting it from" the party's first motion filed under Rule 12, so long as the defense was available to the party at the time it filed the first motion Rule 12. (*Id.* at

PageID# 169 (quoting Fed. R. Civ. P. 12(h)(1)(A)).) ARAC has not replied to Gayle's waiver argument.

Gayle is correct that, "[u]nlike jurisdictional defects, venue objections can be waived." *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 900 (S.D. Ohio 2013) (alteration in original) (quoting *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1149 (6th Cir. 1990)); *see also* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3829 (4th ed. supp. Apr. 2023) ("Venue generally is considered a privilege and a form of protection provided to defendants. Therefore, a defect in venue may be waived . . . ."). Federal courts distinguish "between two classes of waiver" in the context of venue objections: "waiver under Federal Rule of Civil Procedure 12(g)(2) and (h)(1)(A), and waiver under the 'less bright-line, more discretionary framework' extant in a trial court's 'inherent powers.'" *Red Carpet Studios v. Midwest Trading Grp.*, No. 1:12cv501, 2018 WL 4300544, at *2 (S.D. Ohio Sept. 10, 2018) (quoting *Chamberlin Grp. v. Techtronic Indus. Co.*, 315 F. Supp. 3d 977, 1008 (N.D. Ill. 2018), *aff'd in part, vacated in part, and rev'd in part*, 935 F.3d 1341 (Fed. Cir. 2019)); *see also In re Micron Tech., Inc.*, 875 F.3d 1091, 1094 (Fed. Cir. 2017) (concluding that "the waiver rule of Rule 12(g)(2) and (h)(1)(A) . . . is not the only basis on which a district court might reject a venue defense for non-merits reasons . . . by determining that the defense was not timely presented" and that "[a] less bright-line, more discretionary framework applies even when Rule 12(g)(2) and hence Rule 12(h)(1)(A) does not").

Gayle's argument that ARAC waived its venue objections under Rule 12(g)(2) and (h)(1)(A) misses the mark. Rule 12(g)(2) requires that, with certain exceptions, a party that has made a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ.

P. 12(g)(2). Rule 12(h)(1)(A) provides that a party waives any defense, including a defense of improper venue, if it omits that defense "from a motion in the circumstances described in Rule 12(g)(2)[.]" Fed. R. Civ. P. 12(h)(1)(A).

ARAC's first motion to dismiss, however, was based on a forum selection clause and the doctrine of forum non conveniens and was not made under Rule 12. (Doc. No. 13.) While Rule 12(b)(3) governs the assertion of improper venue defenses, the Supreme Court has held that Rule 12(b)(3) is "not [a] proper mechanism[ ] to enforce a forum-selection clause and that" parties seeking to enforce forum-selection clauses must instead use "§ 1404(a) and the *forum non conveniens* doctrine" as ARAC did here.[3] *Atlantic Marine Constr. Co.*, 571 U.S. at 61; *see also ACS Transp. Sols., Inc. v. Nashville Metro. Transit Auth.*, No. 3:13-1137, 2014 WL 3565013, at *1–2 (M.D. Tenn. July 18, 2014) (noting Sixth Circuit pre-*Atlantic Marine* holding "that 'a forum selection clause should not be enforced through dismissal for improper venue under FRCP 12(b)(3) because these clauses do not deprive the court of proper venue'") (quoting *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009)). Because ARAC's first motion to dismiss under the forum non conveniens doctrine was not a Rule 12 motion, it did not trigger the waiver provisions of Rule 12(g)(2) and (h)(1)(A). *Cf. DRFP, LLC*, 945 F. Supp. 2d at 902 ("A motion to transfer venue under [section] 1404(a) is not a Rule 12(b)(3) motion and is not governed by the waiver provisions of Rule 12(h)." (alteration in original) (quoting *James v. Norfolk & W. Ry. Co.*, 430 F. Supp. 1317, 1319 n.1 (S.D. Ohio 1976))).

---

3   While Supreme Court and Sixth Circuit precedent are therefore clear that parties cannot use Rule 12(b)(3) to assert forum non conveniens arguments based on forum selection clauses, there is some "uncertainty in the law as to whether dismissal under Rule 12(b)(6)" for failure to state a claim on which relief can be granted is a "proper mechanism to enforce a forum-selection clause calling for bringing suit in a state forum[.]" *Transport Sys., LLC v. Amazon*, No. 18-CV-11286, 2018 WL 5043726, at *2 (E.D. Mich. Oct. 17, 2018). Regardless, ARAC did not invoke Rule 12(b)(6) in either of its motions.

Nor has Gayle shown that the Court should exercise its discretion to find that ARAC waived its venue objections. The Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). However, a court's exercise of "an inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute[.]" *Id.* at 46.

An objection to venue must be "timely and sufficient[.]" 28 U.S.C. § 1406(b). Courts have thus employed their inherent powers to find venue arguments waived when, for example, defendants waited "years . . . to raise the issue of improper venue under 28 U.S.C. § 1406(a)." *DRFP, LLC*, 945 F. Supp. 2d at 901; *see also Red Carpet Studios*, 2018 WL 4300544, at *2 (exercising inherent power to find that defendants "forfeited a venue objection" where defendants waited six months to raise objection "while at the same time actively participating in the litigation"). No similar circumstances of delay are found here. ARAC moved to dismiss Gayle's second amended complaint under the forum non conveniens doctrine three weeks after it was served, on the day ARAC appeared in the action. (Doc. Nos. 11–13.) ARAC filed its second motion to dismiss two weeks thereafter, seven days after Gayle provided his declaration attesting to a separate oral contract for the gutter work. (Doc. Nos. 16, 20.) And ARAC made largely the same arguments in its first motion as to why venue is improper in this district that it makes under § 1406(a). (Doc. Nos. 13, 20.) Gayle has not shown delay by ARAC or other prejudice to him that would provide a reason for the Court to find that ARAC waived its § 1406(a) arguments.

Further, Gayle has not shown that venue in this district is proper, which is his burden. In making a venue determination, "the court may examine facts outside of the complaint but 'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Receiver of Assets of Mid-Am. Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 890–91 (M.D. Tenn. 2010) (quoting *Gone to the Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 537 (W.D. Tenn. 2006)). Here, the undisputed facts show that venue is not proper in this district under § 1391.

ARAC does not reside in the Middle District of Tennessee. 28 U.S.C. § 1391(b)(1). As Gayle alleges, ARAC's primary place of business is located in the Northern District of Georgia and it is registered as a Georgia corporation. (Doc. No. 8.) Gayle does not argue that any of the events or omissions underlying his claims took place in the Middle District of Tennessee, and Gayle does not dispute that his house—the "property that is the subject of the action"—is located in Georgia. 28 U.S.C. § 1391(b)(2). And Gayle has not argued that "there is no district in which [this] action may otherwise be brought . . . ." *Id.* § 1391(b)(3). None of the statutory factors supports a finding of proper venue in this district.

Accordingly, in the interest of justice, the Court should transfer this action to the Northern District of Georgia for further proceedings.

### B. Gayle's Motion to Strike, Motion for Judgment on the Pleadings, and Motion for a Preservation Order and Limited Discovery

Because transfer of this action to the Norther District of Georgia is appropriate for the reasons explained above, this Court should allow the transferee court to address Gayle's pending motions to strike ARAC's answer (Doc. No. 23), his motion for judgment on the pleadings (Doc. No. 30), and motion for a preservation order and limited discovery (Doc. No. 44).

### III. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court FIND MOOT ARAC's first motion to dismiss (Doc. No. 13), GRANT IN PART ARAC's second motion to dismiss or transfer (Doc. No. 20), and TRANSFER this action to the Northern District of Georgia under 28 U.S.C. § 1406(a).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 14th day of November, 2023.

ALISTAIR E. NEWBERN
United States Magistrate Judge