UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARVIN GAYLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00284 |
| ARAC ROOF IT FORWARD, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 45), recommending that the Court find moot ARAC Roof It Forward, LLC's ("ARAC") Motion to Dismiss (Doc. No. 13), grant in part ARAC's Motion to Dismiss or Transfer (Doc. No. 20), and transfer this action and all remaining motions to the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a). Marvin Gayle, proceeding *pro se*, filed timely objections to the R&R. (Doc. No. 51) to which ARAC has responded, (Doc. No. 53), and Gayle has replied. (Doc No. 54). Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Having done so, Gayle's objections will be overruled, and the Court will adopt the R&R.

**BACKGROUND**

In short, Gayle entered into a contract with ARAC to change the roof of his home in Kennesaw, GA. (Doc. Nos. 8 at 10; 13-1 at 2–4). After completion of the roofing work, Gayle found significant workmanship issues. (Doc. No. 8 at 10). To resolve his problems, ARAC offered

to perform a gutter replacement at a discounted price. Gayle accepted that offer. Yet, Gayle found ARAC's gutter work unsatisfactory. He asserts contract and tort claims against ARAC.

ARAC has filed two separate motions to dismiss or transfer this action. ARAC filed a Motion to Dismiss ("First Motion") pursuant to 28 U.S.C. § 1404(a), relying on the forum selection clause in the roofing contract that made the "exclusive jurisdiction of State or Superior Court of Cobb County, Georgia "for any dispute." (Doc. Nos. 13 and 13-1). After Gayle opposed the First Motion because his gutter replacement lawsuit was under a separate oral contract that did not include a forum selection clause, (Doc. No. 16-1), ARAC filed a Motion to Dismiss or Transfer pursuant to 28 U.S.C. § 1406(a) ("Second Motion"). The Second Motion seeks dismissal or transfer of this action to the Northern District of Georgia for improper venue. (Doc. Nos. 19 and 20).

The Magistrate Judge decided that the First Motion was moot because ARAC "abandoned its argument that the forum selection clause in the parties' roofing contract applies to Gayle's claims in this (gutter replacement) action." (Doc. No. 45 at 6). The Magistrate Judge is correct. Gayle's argument and objection to the contrary are unresponsive to the Magistrate Judge's analysis.

In considering the Second Motion, the Magistrate Judge evaluated and rejected Gayle's arguments that ARAC waived its § 1406(a) venue challenge by failing to include it within the First Motion. (Id. at 6–11). She reasoned that the First Motion was not a Rule 12 motion, and therefore it "did not trigger the waiver provisions of Rule 12(g)(2) and (h)(1)(A)." (Id. at 9). She also concluded that Gayle failed to show that delay, prejudice, or other circumstances necessary to warrant waiver. (Id. at 8, 10).

2

Case 3:23-cv-00284    Document 56    Filed 02/09/24    Page 2 of 4 PageID #: 398

Based upon the "undisputed facts"—that ARAC's primary place of business is in the Northern District of Georgia, it is registered in Georgia, the property at issue is in Georgia, and that the gutter replacement took place in Georgia and not in the Middle District of Tennessee, the Magistrate Judge concluded "that venue is not proper in this district under § 1391." (Id. at 11). She recommends granting, in part, the Second Motion, transferring this case to the Northern District of Georgia, and allowing the transferee court to address Gayle's remaining motions. (Id.) The Court agrees.

**DISCUSSION**

Gayle objects to the transfer based upon the reasons in his Second Motion to Strike (Doc. Nos. 49 and 51 at 2). His Second Motion to Strike seeks to strike ARAC's Answer because it does not include a Certificate of Service as required by the Local Rules and is untimely. (Doc. No. 49 at 3–7). This objection has no legal or factual relevance to the Magistrate Judge's decision to transfer. First, incorporating an entire motion by reference constitutes a "general objection" that the court need not respond. Deters v. Hammer, 568 F. Supp. 3d 883, 887 (S.D. Ohio 2021. Even if the Court were to consider this objection, it does not challenge any of the Magistrate Judge's findings of fact or conclusion of law on transfer. Accordingly, this objection must be overruled.

Gayle's next objection argues that the First Motion should be denied on the merits instead of ruled moot. Again, this has nothing to do with the reasons the Magistrate Judge found transfer to the Northern District of Georgia proper under 28 U.S.C. § 1406(a). This objection is rejected.

Finally, Gayle objects to the Magistrate Judge's decision to transfer. He argues that the Magistrate Judge should have used her discretion to find ARAC's venue challenge waived in its First Motion. (Doc. No. 51 at 3–4). He believes that waiver is consistent with sanctions generally available under Rule 11, and at a minimum, discovery should proceed pursuant to Rule 11(c)(3)

before this case is transferred. (Id. at 5). As the Magistrate Judge observed, a court may use its discretion to find venue challenges waived under certain circumstances, such as when they are untimely made or prejudice the other party. (Doc. No. 45 at 10). She then held that "Gayle ha[d] not shown delay by ARAC or other prejudice to him that would provide a reason for the Court to find that ARAC waived its § 1406(a) arguments." (Id.) Although Gayle "disagrees with Judge Newbern's analysis," (Doc. No. 51 at 3), he fails to identify any specific legal or factual error. Instead, he only argues that ARAC waived its venue challenge because it "knew or should have known that it was not entitled to the relief requested in its [First Motion]," (id.)—an argument already considered and rejected by the Magistrate Judge. (Doc. No. 45 at 7; see also Doc. No. 42 at 12 (stating that he has repeated this argument "in virtually all submissions to the court.")). Mere disagreement with the Magistrate Judge is not a valid objection. Howard, 932 F.2d at 508–09. Neither is repeating the same arguments hoping for different results make for a valid objection. Reed v. Young Ho Kim, No. 3:18-CV-00819, 2020 WL 1443739, at *3 (M.D. Tenn. Mar. 25, 2020). Gayle's final objection is feckless.

The Court agrees with the Magistrate Judge that "venue is not proper" in the Middle District of Tennessee. Accordingly, the Court will transfer this action to the Northern District of Georgia.

An appropriate order will enter.

                                                                                                      WAVERLY D. CRENSHAW, JR.
                                                                                                      CHIEF UNITED STATES DISTRICT JUDGE